UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RUNNELL DESHAY CURRY,**

    **Petitioner,**

v.                                                Case No. 8:23-cv-1470-MSS-TGW

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

**O R D E R**

Curry petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for manslaughter and aggravated assault with a deadly weapon. (Doc. 1) The Respondent moves to dismiss the petition, contends that Curry failed to exhaust his remedies in state court, and asserts that the grounds in the petition are procedurally barred from federal review. (Doc. 11) After reviewing the petition, the response, and the relevant state court record, the Court **GRANTS** the Respondent's motion (Doc. 11) to dismiss the petition.

**PROCEDURAL HISTORY**

An indictment charged Curry with first-degree murder and attempted first-degree murder. (Doc. 11-2 at 10–12) A jury found Curry guilty of manslaughter and aggravated assault with a deadly weapon, both lesser offenses (Doc. 11-2 at 1650–51), and the trial court sentenced Curry to eleven years in prison for the manslaughter conviction and a concurrent five years in prison for the aggravated assault conviction. (Doc. 11-2 at 1775–78) Curry

1

appealed (Doc. 11-2 at 1780), and the state appellate court affirmed. (Doc. 11-2 at 1899) Curry did not seek post-conviction relief in state court.

In his federal petition, Curry asserts that the trial court violated his federal rights by denying his motion to dismiss the criminal charges under Florida's Stand Your Ground law (Ground One), the trial court violated his federal rights by denying his motion for judgment of acquittal because the prosecutor failed to prove that Curry actually killed the victim (Ground Two), the trial court violated his federal rights by denying Curry's motion for judgment of acquittal because the prosecutor failed to prove that he committed a homicide "without lawful justification" (Ground Three), the trial court violated his federal rights by denying his motion for judgment of acquittal because the indictment did not allege all the elements of the crimes (Ground Four), and trial counsel deficiently performed by failing to move to sever the murder charge from the attempted murder charge, and appellate counsel deficiently performed by not raising the issue on appeal. (Ground Five) (Doc. 1 at 16–18)

Because Curry did not seek post-conviction relief in state court, and time remains for Curry to exhaust his remedies in state court, the Court stayed and administratively closed the case. (Doc. 3) Curry moved to lift the stay after advising that he abandoned the ineffective assistance of appellate counsel claim in Ground Five (Doc. 4 at 1–2) (record citations, case citations, and quotations omitted):

> Having considered the Order of the Court, dated July 24, 2023, the petitioner acknowledges and acquiesces with the Court's determination that Ground Five alleging, *inter alia*, ineffective assistance of appellate counsel has in fact not been exhausted in state court proceedings.
>
> In light of such, let it be duly known that Runnell Deshay Curry, herein properly identified as the Petitioner, does hereby knowingly, voluntarily, and intelligently relinquish, forfeit, and/or otherwise abandon the privilege to assert, review, and

2

> exhaust the claim of ineffective assistance of appellate counsel in the lower state court tribunals, by effective withdrawal of Ground Five.
>
> I would respectfully and timely move the Court to effectively lift the stay and [the] administrative clos[ure] order, retain jurisdiction of the foregoing cause [of] action, and allow the 28 U.S.C. § 2254 writ to proceed as the law allows in the interest of justice and judicial economy.

Because Curry did not state whether he also abandoned the ineffective assistance of trial counsel claim in Ground Five, the Court directed Curry to advise whether he also abandoned that claim. (Doc. 5) The Court warned Curry that the Antiterrorism and Effective Death Penalty Act may bar Curry from raising his post-conviction claims in a second petition. (Doc. 5 at 2) Curry responded that he did not abandon either the ineffective assistance of trial counsel claim or the ineffective assistance of appellate counsel claim, asserted that cause and actual prejudice excused any procedural default, and requested that the action proceed with both claims. (Doc. 6) The Court lifted the stay (Doc. 7), and the Respondent moved to dismiss all claims in the petition as procedurally barred. (Doc. 11)

## STANDARD OF REVIEW

**Exhaustion and Procedural Default**

A petitioner must exhaust the remedies available in state court before a federal court can grant relief on habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on a state procedural ground, the federal court denies the claim as procedurally defaulted. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Also, "a state court's rejection of a federal constitutional claim on procedural grounds will [ ] preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citing *Coleman*, 501 U.S. at 729–30).

To excuse a procedural default on federal habeas, a petitioner must demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law or (2) a miscarriage of justice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

## ANALYSIS

**Ground One**

Curry asserts that the trial court violated his federal rights by denying his motion to dismiss the criminal charges under Florida's Stand Your Ground law. (Doc. 1 at 16) Curry contends that the prosecutor failed to rebut evidence at trial that proved that Curry acted in self-defense. (Doc. 1 at 16)

The Respondent asserts that Curry failed to exhaust his remedies in state court. (Doc. 11 at 3–4) *McNair v. Campbell*, 416 F.3d 1291, 1302–03 (11th Cir. 2005), explains that exhaustion requires a petitioner to fairly present both the facts that support a federal claim and the legal basis for the federal claim:

In order to be exhausted, a federal claim must be fairly presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "It is not sufficient merely that the federal habeas petitioner has been through the state courts . . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." *Kelley*, 377 F.3d at 1343–44 (citing *Picard*, 404 U.S. at 275–76 and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard*, 404 U.S. at 275 (citations omitted). While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley*, 377 F.3d at 1344–45 (citing *Picard*, 404 U.S. at 277).

While these broad principles are relatively clear, the district court correctly noted that many courts have struggled to pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies. For instance, the Supreme Court recently wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair*, 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). This is consistent with settled law established by the Supreme Court. *See Picard*, 404 U.S. at 275 ("We emphasize that the federal claim must be fairly presented to the state courts."). We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" *Kelley*, 377 F.3d at 1345 (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

In his brief on direct appeal, Curry raised a claim similar to the claim that he raises in Ground One of his federal petition. (Doc. 11-2 at 1815–22) However, Curry cited only state

5

court opinions, summarized the prosecutor's burden of proof under state law for a claim of self-defense, and argued that the prosecutor failed to meet that burden. (Doc. 11-2 at 1815–22) The brief did not cite any federal court opinion, federal constitutional provision, or other federal law, did not recite the legal standard for a federal due process claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), and did not apply the federal standard under *Jackson* to the facts of the case. Because Curry failed to present a federal claim to the state court "such that the reasonable reader would understand [the] claim's particular legal basis and specific factual foundation," he failed to exhaust his remedies in state court. *McNair*, 416 F.3d at 1302 (quoting *Kelley*, 377 F.3d at 1344–45). *Lucas v. Sec'y, Dep't Corrs.*, 682 F.3d 1342, 1352 (11th Cir. 2012) ("'[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'") (quoting *Jimenez v. Fla. Dep't Corrs.*, 481 F.3d 1337, 1342 (11th Cir. 2007)).

If Curry returned to state court to exhaust his remedies, the post-conviction court would dismiss the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736.

Because Curry fails to allege facts that demonstrate either cause and prejudice or a miscarriage of justice based on actual innocence, the claim is procedurally barred from federal review. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37.

Ground One is **DISMISSED** as procedurally barred.

**Ground Two**

Curry asserts that the trial court violated his federal rights by denying his motion for judgment of acquittal because the prosecutor did not prove that Curry "actually inflicted the fatal injury resulting in the death of the victim." (Doc. 1 at 16–17)

The Respondent asserts that Curry failed to exhaust his remedies in state court. (Doc. 11 at 3–4) In his brief on direct appeal, Curry failed to raise this claim. In the first issue of the brief, Curry asserted that the trial court erred by denying his motion for judgment of acquittal because the prosecutor failed to rebut his claim of self-defense. (Doc. 11-2 at 1815–21) In the second issue, Curry asserted that the trial court erred by denying his motion for judgment of acquittal because the prosecutor failed to rebut his defense that he lawfully committed an excusable homicide. (Doc. 11-2 at 1822–27) In the third issue, Curry asserted that the trial court erred by denying his motion for judgment of acquittal because the indictment failed to allege the elements of aggravated assault and because the prosecutor failed to prove the crime. (Doc. 11-2 at 1827–32)

Curry failed to assert a federal due process claim based on the prosecutor's failure to prove that he "actually inflicted the fatal injury resulting in the death of the victim." (Doc. 1 at 17) Because he failed to present the federal claim to the state court, he failed to exhaust his remedies in state court. *O'Sullivan*, 526 U.S. at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

If Curry returned to state court to exhaust his remedies, the post-conviction court would dismiss the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736. Because

Curry fails to allege facts that demonstrate either cause and prejudice or a miscarriage of justice based on actual innocence, the claim is procedurally barred from federal review. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37.

Ground Two is **DISMISSED** as procedurally barred.

**Ground Three**

Curry asserts that the trial court violated his federal rights by denying his motion for judgment of acquittal because the prosecutor failed to prove that he committed a homicide "without lawful justification." (Doc. 1 at 17)

The Respondent asserts that Curry failed to exhaust his remedies in state court. (Doc. 11 at 3–4) In his brief on direct appeal, Curry raised a claim similar to the claim that he raises in Ground Three of his federal petition. (Doc. 11-2 at 1815–22) However, Curry cited only state court opinions, summarized the state law that defines an excusable homicide, argued that he lawfully committed the homicide because he acted in self-defense, and argued that the prosecutor failed to prove that the homicide was not excusable. (Doc. 11-2 at 1822–27) The brief did not cite any federal court opinion, federal constitutional provision, or other federal law, did not recite the standard for a federal due process claim under *Jackson*, and did not apply the federal standard under *Jackson* to the facts of the case. Because Curry failed to present both the facts that support the federal claim and the legal basis for the federal claim, he failed to exhaust his remedies in state court. *McNair*, 416 F.3d at 1302 (quoting *Kelley*, 377 F.3d at 1344–45).

If Curry returned to state court to exhaust his remedies, the post-conviction court would dismiss the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736. Because

8

Curry fails to allege facts that demonstrate either cause and prejudice or a miscarriage of justice based on actual innocence, the claim is procedurally barred from federal review. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37.

Ground Three is **DISMISSED** as procedurally barred.

**Ground Four**

Curry asserts that the trial court violated his federal rights by denying his motion for judgment of acquittal because the indictment did not allege all the elements of manslaughter ("Sub-claim A") and aggravated assault. ("Sub-claim B") (Doc. 1 at 17)

**Sub-claim A**

Curry asserts that the trial court violated his federal rights by denying his motion for judgment of acquittal because the indictment did not allege all the elements of manslaughter. (Doc. 1 at 17) The Respondent asserts that Curry failed to exhaust his remedies in state court. (Doc. 11 at 3–4)

In his brief on direct appeal, Curry failed to raise this claim. In the third issue of the brief, Curry asserted that the trial court erred by denying his motion for judgment of acquittal because the indictment failed to allege the elements of aggravated assault. (Doc. 11-2 at 1827–32) On appeal, Curry failed to challenge the sufficiency of the indictment's allegations for manslaughter. Because Curry failed to present the federal claim to the state court, he failed to exhaust his remedies in state court. *O'Sullivan*, 526 U.S. at 845. If Curry returned to state court to exhaust his remedies, the post-conviction court would dismiss the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736.

9

Because Curry fails to allege facts that demonstrate either cause and prejudice or a miscarriage of justice based on actual innocence, the claim is procedurally barred from federal review. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37.

Sub-claim A is **DISMISSED** as procedurally barred.

**Sub-claim B**

Curry asserts the trial court violated his federal rights by denying his motion for judgment of acquittal because the indictment did not allege all the elements of aggravated assault. (Doc. 1 at 17) Curry contends that the indictment alleged that he "unlawfully did attempt to kill [the victim]" and that aggravated assault requires an allegation that he committed an assault either "without the intent to kill" or "with the intent to commit a felony." (Doc. 1 at 17) The Respondent asserts that Curry failed to exhaust his remedies in state court. (Doc. 11 at 3–4)

In his brief on direct appeal, Curry failed to raise this claim. In the third issue of the brief, Curry asserted that the trial court erred by denying his motion for judgment of acquittal because the indictment failed to allege the elements of aggravated assault. (Doc. 11-2 at 1827–32) However, in the brief, Curry argued that the indictment failed to allege the elements of aggravated assault only as to whether he "created a well-founded fear in [the victim] of imminent violence" (Doc. 11-2 at 1827–32) (state court record citations omitted):

> [Curry] was convicted of Count 2, Aggravated Assault with a Deadly Weapon pursuant to § 784.021, Fla. Stat., with regard to Wanyae Richardson. In considering [Curry's] motion for judgment of acquittal the trial court was required to determine whether the evidence presented is legally adequate to permit a verdict. *Bell v. State*, 248 So. 3d 208 (Fla. 1st DCA 2018) [ ]. Here, the verdict was not supported by competent, substantial evidence and thus the motion for judgement of acquittal should have been granted.

The indictment herein charged as follows:

> COUNT TWO: The Grand Jurors of the State of Florida, empaneled and sworn to inquire and true presentment make in and for the County of Polk and State of Florida, upon their oath do present that RUNNELL DESHAY CURRY on or about August 29, 2018, in the County of Polk and State of Florida, from a premeditated design to effect the death of a human being, unlawfully did attempt to kill a human being, to wit: WANYAE RICHARDSON by attempting to stab the said WANYAE RICHARDSON and during the commission of such felony the defendant carried, displayed, threatened to use or used a weapon, to wit: a knife, in violation of Sections 777.04, 775.087 and 782.04 Florida Statutes, contrary to the form of the statutes, in such cases and made and provided and against the peace and dignity of the State of Florida.

The charging document herein plainly failed to allege the essential elements of aggravated assault. One of the essential elements of this crime which the state must allege is that the offender created a well-founded fear in the victim of imminent violence. The charging document in the instant case charged only the elements of the crime of attempted first-degree murder and did not allege that Appellant created a well-founded fear in Wanyea Richardson of imminent violence.

The absence of this specific allegation in the indictment is reversible error. *State v. Von Deck*, 607 So. 2d 1388 (Fla. 1992). A conviction on a charge not made by the indictment is a denial of due process of law. *State v. Gray*, 435 So. 2d 816 (Fla. 1983). The complete failure of an information to charge a crime is an error that can be raised at any time. Accordingly, appellant may raise this issue for the first time on appeal. *Velasquez v. State*, 654 So. 2d 1227, 1228 (Fla. 2d DCA 1995). *State v. Roberts*, 616 So. 2d 79 (Fla. 2d DCA 1993); *State v. Von Deck*, 607 So. 2d 1388 (Fla. 1992); *State v. Gray*, 435 So. 2d 816 (Fla. 1983).

Moreover, the Florida Supreme Court [ ] expressly [has] said that an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. *Brown v. State*, 206 So. 2d 377, 383 (Fla. 1968). *But see Chambers v. State*, 880 So. 2d 696,

11

700 (Fla. 2d DCA 2004) (Hesitating to find fundamental error because Defendant not likely harmed by error).

In addition to the fact that the accusatory pleading did not include the elements of the offense, no evidence was placed before the jury supporting the elements of aggravated assault with a deadly weapon. Specifically, there was no evidence offered that Richardson was placed in fear. This was argued by trial counsel in support of a judgment of acquittal. § 784.011(1), Fla. Stat. (2008), defines an "assault." That statute declares that:

> An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

§ 784.021(1), Fla. Stat. (2008), builds upon section 784.011(1) in defining an "aggravated assault" by adding that:

> (1) An "aggravated assault" is an assault:
> (a) With a deadly weapon without intent to kill; or
> (b) With an intent to commit a felony.

*Cambell v. State*, 37 So. 3d 948, 950 (Fla. 5th DCA 2010).

The State offered no evidence of the state of mind of Wanyae Richardson. It was not established that he received or perceived a threat, that he was placed in fear, nor that he specifically had a well-founded fear that [Curry] had the apparent ability to carry out any particular threat. Proof of each element is necessary to support a conviction.

Florida law is well settled that the elements of an offense cannot be established by mere inference. *State v. Dye*, 346 So. 2d 538, 541 (Fla. 1977). To support a conviction, each element of the offense must be supported by competent, substantial evidence. *Carter v. State*, 303 So. 3d 1271, 1273 (Fla. 1st DCA 2020); *Taylor v. State*, 46 Fla. L. Weekly D891 (Fla. 1st DCA Apr. 20, 2021).

With regard to the term "competent substantial evidence," competency of evidence refers to its admissibility under legal rules of evidence. Regarding the definition of "substantial" when considering competent, substantial evidence, this court stated:

> "Substantial" requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, "tending to prove") as to each essential element of the offense charged.
>
> *Savage v. State*, 120 So. 3d 619, 621–23 (Fla. 2d DCA 2013) (citation omitted). In this case, no evidence was offered by the State regarding the issuance of a threat to Wanyea Richardson, his being placed in fear, and a well-founded fear that [Curry] had the ability to carry out that threat against Richardson. Thus, the jury finding was, at best based upon speculation and lacked the definite probative value required to support a conviction.

In his federal petition, Curry contends that the indictment fails to allege that he committed an assault either "without the intent to kill" or "with the intent to commit a felony." (Doc. 1 at 17) On direct appeal, he contended that the indictment failed to allege that he "created a well-founded fear in [the victim] of imminent violence" and that the prosecutor failed to prove that Curry threatened the victim and placed the victim in fear that Curry could carry out the threat. (Doc. 11-2 at 1828)

Because Curry failed to present the federal claim to the state court, he failed to exhaust his remedies in state court. *O'Sullivan*, 526 U.S. at 845. *Kelley*, 377 F.3d at 1350 ("'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'") (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

If Curry returned to state court to exhaust his remedies, the post-conviction court would dismiss the claim as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claim is procedurally defaulted on federal habeas. *Snowden*, 135 F.3d at 736. Because Curry fails to allege facts that demonstrate either cause and prejudice or a miscarriage of

justice based on actual innocence, the claim is procedurally barred from federal review. *Maples*, 565 U.S. at 280; *House*, 547 U.S. at 536–37.

Even if the claim is not procedurally defaulted, the claim is meritless. Because the state appellate court affirmed on direct appeal in a decision without a written opinion, Curry must demonstrate no reasonable basis for the denial of relief. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The indictment charged Curry with attempted first-degree premeditated murder, and the jury found Curry guilty of aggravated assault with a deadly weapon. (Doc. 11-2 at 10–11) Aggravated assault is a category two permissive lesser included offense of attempted first-degree murder. Fla. Std. (Crim.) Jury Instr. 6.2. "To sustain a conviction of a category two lesser-included offense, the information must allege each of the elements of that crime." *Lawrence v. State*, 685 So. 2d 1356, 1357 (Fla. 2d DCA 1996).

Curry asserts that the trial court violated his federal right to due process because the indictment failed to allege that he committed an aggravated assault with the intent to commit a felony. (Doc. 1 at 17) "An aggravated assault is an assault: [w]ith a deadly weapon without [an] intent to kill; or [w]ith an intent to commit a felony." § 784.021(1)(a) and (1)(b), Fla. Stat. The trial judge instructed the jury only on aggravated assault with a deadly weapon and did not alternatively instruct aggravated assault with the intent to commit a felony. (Doc. 11-2 at 1575–76) Consequently, Curry's claim based on the indictment's failure to allege that he committed an assault with the intent to commit a felony is meritless.

Also, Curry asserts that the trial court violated his federal right to due process because the indictment failed to allege that he committed an aggravated assault without the intent to kill. (Doc. 1 at 17) "[W]ithout [an] intent to kill" is an element of aggravated assault with a deadly weapon. § 784.021(1)(a), Fla. Stat. *Coissy v. State*, 957 So. 2d 53, 55 (Fla. 4th

DCA 2007). The indictment failed to allege that Curry committed an aggravated assault without the intent to kill. (Doc. 11-2 at 11) *See McClenithan v. State*, 855 So. 2d 675, 676 (Fla. 2d DCA 2003) (citing *Velasquez v. State*, 654 So. 2d 1227, 1228 (Fla. 2d DCA 1995)).

"The sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989) (citing *DeBenedictis v. Wainwright*, 674 F.2d 841 (11th Cir. 1982)). "'[T]he constitutional standard is fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Sneed v. Fla. Dep't Corrs.*, 496 F. App'x 20, 23 (11th Cir. 2012)[1] (citing *United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006)).

Even though the indictment failed to allege that Curry committed an aggravated assault without the intent to kill, the prosecutor and trial counsel agreed to the lesser included offense (Doc. 11-2 at 1259–60):

| [Trial court:] | All right. The lesser crimes indicated in the definition of attempted murder in the first degree are: attempted murder in the second degree, attempted manslaughter, aggravated battery with a deadly weapon, and aggravated assault with a deadly weapon. These are the lessers that the State's proposing? |
|---|---|
| [Prosecutor:] | Judge, I put them all in there. I think that they are appropriate. |
| [Trial court:] | No. No, Mr. Johnson. I know they're there. Is this what you're asking the Court to read? |
| [Prosecutor:] | Yes. |

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

15

> [Trial court:]  If, obviously, you do not think some of them need to be there just let me know and I will hear from the defense on that.
>
> [Prosecutor:]  Yes, those are fine, Judge.
>
> [Trial court:]  Defense?
>
> [Trial counsel:]  They're acceptable.

Before the trial court instructed the jury at the end of the trial, the prosecutor and trial counsel confirmed their agreement to the permissive lesser included offense of aggravated assault with a deadly weapon (Doc. 11-2 at 1509–10):

> [Trial court:]  All right. The lesser crimes indicated in the definition of attempted murder in the first degree are attempted murder in the second degree, attempted manslaughter, aggravated battery with a deadly weapon, and aggravated assault with a deadly weapon. Any other lessers [the] defense is requesting?
>
> [Trial counsel:]  No, Your Honor.
>
> [Trial court:]  State, any other lessers or is this fine with the State?
>
> [Prosecutor:]  That's fine, Judge.

*Chambers v. State*, 880 So. 2d 696, 699 (Fla. 2d DCA 2004) (quoting *Ray v. State*, 403 So. 2d 956, 961 (Fla. 1981)), holds that:

> [I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: (1) the improperly charged offense is lesser in degree and penalty than the main offense or (2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.

16

The indictment charged Curry with attempted first-degree premeditated murder with a weapon, a life felony punishable by life in prison. (Doc. 11-2 at 11) §§ 775.082(3)(a)(3), 775.087(1)(a), 777.04(4)(b), and 782.04(1)(a)(1), Fla. Stat. The jury found Curry guilty of aggravated assault with a deadly weapon, a third-degree felony punishable by five years in prison. (Doc. 11-2 at 1651) §§ 775.082(3)(e) and 784.021(2), Fla. Stat. Trial counsel requested an instruction for aggravated assault with a deadly weapon, a lesser offense not charged in the indictment. (Doc. 11-2 at 1259–60, 1509–10)

Because the indictment's failure to charge aggravated assault with a deadly weapon did not give rise to fundamental error and did not deprive the trial court of jurisdiction over the felony prosecution, Curry is not entitled to federal habeas relief. *Heath*, 863 F.2d at 821.

Sub-claim B is **DENIED**. Ground Four is **DISMISSED** in part as procedurally barred and **DENIED** in part.

**Ground Five**

Curry asserts that trial counsel deficiently performed by failing to move to sever the murder charge from the aggravated assault charge and that appellate counsel deficiently performed by not raising the issue on direct appeal. (Doc. 1 at 18)

The Respondent asserts that Curry failed to exhaust his remedies in state court for both ineffective assistance of counsel claims. (Doc. 11 at 4–5) The state court docket confirms that Curry failed to seek post-conviction relief in state court. (Doc. 11-2 at 2–8)

After the Court stayed the case for Curry to exhaust his remedies in state court, Curry moved to lift the stay and advised that he abandoned the ineffective assistance of appellate counsel claim in Ground Five. (Doc. 4) After the Court warned Curry that AEDPA may prevent Curry from seeking later review of the ineffective assistance of counsel claims in a

second petition (Doc. 5 at 2), Curry clarified that he did not abandon either claim, argued that the state court record sufficiently demonstrated that he was entitled to relief, and requested that the Court review the claims. (Doc. 6 at 1) Curry asserted that his immunity from prosecution justified review of the claims (Doc. 6 at 2):

> To overcome procedural default, the petitioner is entitled to demonstrate "cause" and "actual prejudice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), as well as "fundamental" and "structural error," relying on *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Arizona v. Fulminante*, [495 U.S. 902 (1990)].
>
> The petitioner relies upon [his] affirmative defense . . . "immunity from prosecution." In light of such, the petitioner respectfully moves the court to effectively lift the stay, the administrative closure, and allow the petitioner proceed, as in and as the law allows . . . to the ends of justice.

However, time still remains for Curry to seek relief in state court. After the state appellate court affirmed Curry's convictions and sentences, the mandate on direct appeal issued on May 18, 2023. (Doc. 11-2 at 1901) The time to file a motion for post-conviction relief will expire two years later. Fla. R. Crim. P. 3.850(b). *Beaty v. State*, 701 So. 2d 856, 857 (Fla. 1997). The time to file a petition alleging ineffective assistance of appellate counsel also will expire two years later. Fla. R. App. P. 9.141(d)(5). *Burney v. State*, 328 So. 3d 323, 324 (Fla. 2d DCA 2021). Because the post-conviction court and the state appellate court would not dismiss the ineffective assistance of counsel claims on a state procedural ground, the claims are not procedurally defaulted in federal court. *Snowden*, 135 F.3d at 736. Because a procedural default has not occurred, Curry cannot assert either cause and actual prejudice or a miscarriage of justice to excuse a procedural default. Consequently, the ineffective assistance of counsel claims are dismissed without prejudice for Curry to seek relief in state court.

Ground Five is **DISMISSED** without prejudice for lack of exhaustion.

Accordingly, Ground One, Ground Two, and Ground Three are **DISMISSED** with prejudice as procedurally barred. Ground Four is **DISMISSED** in part as procedurally barred and **DENIED** in part with prejudice. Ground Five is **DISMISSED** without prejudice for Curry to seek post-conviction relief in state court. Curry's petition (Doc. 1) is **DISMISSED** in part with prejudice as procedurally barred, **DENIED** in part with prejudice, and **DISMISSED** in part without prejudice for Curry to seek post-conviction relief in state court.[2] Curry is **WARNED** that the failure to pursue these rights at the state court level and to assert any federal constitutional or statutory basis, in addition to any state law basis, will result in the dismissal of his claims in any future application. The Clerk is **DIRECTED** to enter a judgment against Curry for Ground One, Ground Two, Ground Three, and Ground Four and to **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Curry neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on June 12, 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[2] *Dunn v. Singletary*, 168 F.3d 440, 441 (11th Cir. 1999) ("When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b).") (italics in original).